PER CURIAM:
Claimant brought this action to recover attorney fees incurred when he brought a civil action against respondent in United States District Court for the Southern District of West Virginia to recover back wages to which he was entitled under provisions of the Veterans Re-employment Rights Act. His attorney fees and expenses were in the amount of $6,289.50. This amount represents the difference in the agreed settlement of $22,500 and the back wages of $16,210.50 which claimant has received from respondent.
The parties submitted a stipulation of facts which set forth the following:
Claimant was employed by respondent on February 1, 1980, until September 29, 1980, when he resigned to enlist in the United States Navy.
*175 He was honorably discharged on December 16, 1983, whereupon he applied for reemployment with respondent.
He was denied re-employment on the basis that he was a probationary employee and not covered by the Veterans Re-employment Right Statute.
An opinion of the Attorney General rendered to the Civil Service Commission indicated claimant was covered by the statute. Claimant was reinstated on November 11, 1985.
A dispute arose as to the issue of back wages due claimant for the period during which he was not employed by respondent.
A compromise settlement in the amount of $15,000 was reached by claimant and respondent. However, the settlement could not be paid as the State Auditor refused to make payment without a court order.
Respondent suggested that claimant file suit in the United States District Court in order to obtain a court order to satisfy the State Auditor.
Claimant consulted with the United States Attorney's Office as he was entitled to representation by that office under the provisions of the Veterans Re-employment Rights Statute. He was advised that there was a backlog and it would be some time before his claim could be filed. He was further advised of his right to independent counsel. He then employed counsel to bring the action in United States District Court for Southern West Virginia.
On November 10, 1986, a petition was filed in the United States District Court for the Southern District of West Virginia seeking $29,000.
Respondent filed an Answer asserting defenses and demands. Thereafter, the parties negotiated a settlement as heretofore indicated and provided that claimant seek attorney fees before the Court of Claims.
The parties submitted the claim to this Court upon the stipulations and briefs.
The issue before the Court is the award of attorney fees. Respondent contends that claimant is not entitled to attorney fees as he could have had the United States Attorney represent him without cost. Respondent also contends claimant filed the action in the United States District Court for more than $15,000, the original agreed upon amount, and, therefore, claimant breached the agreement.
Claimant asserts respondent filed an Answer defending the action in United States District Court denying any amount was due claimant. Claimant also contends entitlement to attorney fees *176 as respondent filed a defense to claimant's action in United States District Court which should have been and, eventually, was settled in September 1987.
It appears to the Court that neither party has "clean hands." Claimant filed the action in the United States District Court in excess of the amount agreed to by the parties originally. However, the respondent then denied the action in its entirety in its answer. Both parties "muddied the waters" in the United States District Court action. However, the Court is of the opinion that claimant is entitled to reasonable attorney fees. Claimant knew that he was entitled to back wages as did the respondent. He should not have had to wait until such time as his statutory attorney was able to bring the action necessary to obtain the back wages. He was advised of his right to independent counsel and he chose to proceed with independent counsel. The Court is of the opinion that this claim is one which certainly, in equity and good conscience, should be paid. Therefore, the Court has determined that claimant may recover his reasonable attorney fees and expenses incurred in bringing the action to recover back wages to which he was entitled. The Court calculates the reasonable attorney fees as $3,712.50. The expenses incurred by claimant in bringing the case in federal court were $1,248.70. Therefore, the Court is of the opinion to, and does, does award claimant the amount of $4,961.20 for reasonable attorney fees and expenses.
Award of $4,691.20.